# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LEVON BAZEMORE,                )
                               )
    Movant,                    )
                               )
v.                             )         Case No. CV411-259
                               )                   CR491-176
UNITED STATES OF AMERICA,      )
                               )
    Respondent.                )

## REPORT AND RECOMMENDATION

Levon Bazemore -- serving a life sentence plus 60 months on a 1992 conviction on drug charges, *see United States v. Bazemore*, 41 F.3d 1431, 1432 (11th Cir. 1994) -- once again moves this Court for 28 U.S.C. § 2255 relief. CR491-176, doc. 1321.[1] As the government notes, he is a serial § 2255 filer. *Id.*, doc. 1345 at 1-4; *see also* doc. 1304 at 1. It moves to dismiss this latest attempt as time-barred, collaterally estopped, and not cognizable under § 2255, but *not* on grounds that it is successive. *Id.* at 4-16.

---

[1] He litigated another § 2255 motion in *Bazemore v. United States*, CV496-141, but successfully moved to close that out and confine his efforts to this proceeding, CV411-259. *See* CV496-141 doc. 168. For reasons here not relevant, the two-decade long record -- partly unavailable on the Court's electronic docket -- is best accessed by citing primarily to the CR491-176 file and sometimes to the CV496-141 file.

In 2000, Bazemore succeeded in vacating prior state court convictions that had been used to enhance his federal sentence.[2]  Doc. 1304 at 1.  Thereafter, he invoked § 2255 to pursue a sentence reduction. This was denied because he had once before sought § 2255 relief, so the successive-filing requirement meant he must knock on the appellate court's door first.  *Id*; *see* 28 U.S.C § 2255(h); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

---

[2]  As the Georgia Supreme Court explained:

> On June 13, 1990, Bazemore entered guilty pleas in unrelated cases for theft by receiving and theft by taking. He was represented by counsel and received concurrent sentences of four years with one year to be served in confinement and the balance to be served on unsupervised probation. In addition, Bazemore consented to revocation of his probation for possession of a controlled substance for a concurrent twelve months with credit for time served. The convictions resulted in enhancement of [his] federal sentence. . . .

*Bazemore v. State*, 273 Ga. 160, 160 (2000).  In 1998 he moved the state habeas court to vacate those convictions, "alleging that he did not enter the 1990 pleas knowingly and voluntarily and that his attorney was ineffective for allowing him to enter the invalid pleas." *Id*.  He lost there but won on appeal.  *Id*. at 162.  The government here does not raise an untimeliness argument based on the 1990 to 1998 gap.

Applying the U.S. Sentencing Guidelines, the Probation Office originally calculated Bazemore's sentencing profile based on the now-vacated state convictions.  It figured a Base Offense Level of 40 and Criminal History Category 4, placing Bazemore within the 360 months to life sentencing range on Count 1, plus 60 months consecutively on Count 2, plus 1 year concurrently on Count 3.  PSI at 10 ¶ 51.  With the *Bazemore* vacatur, the Probation Office recalculates movant's profile to a Base Offense Level of 36 and a Criminal History Category of 1, placing Bazemore within the 188-235 month range.  This comports with Bazemore's 188-235-month calculation, doc. 1335 at 19, which the government does not challenge.  Note, however, that the *statutory* maximum sentence Bazemore faced was life plus 60 months, PSI at 10 ¶ 51, and that is the sentence he received.  CR491-176, doc. 594.

Bazemore nevertheless kept knocking on this Court's door over the years. Just one example occurred in 2010 -- he then labeled his § 2255 motion as something else -- but the Court denied it for what it was: a successive § 2255 motion. Doc. 1304 at 2-3. In 2011, however, the Eleventh Circuit held that a defendant who gets a prior state court conviction vacated and *then* invokes § 2255 for a second time to undo an enhanced sentence *restarts* the § 2255 cycle. That makes his latest filing a *first*, not a successive § 2255 motion. *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011); *United States v. Bass*, ___ F.Supp.2d ___, 2012 WL 2021971 at * 6-7 (E.D. Pa. Jun 6, 2012). That also starts the one-year, § 2255 limitations clock.[3]

*Stewart* is a game-changer. After Stewart was federally sentenced as a career offender, he timely but unsuccessfully moved for § 2255 relief. *Stewart*, 646 F.3d at 857. During that time, he also diligently sought to vacate his state court convictions. *Id.* After he succeeded in doing that,

---

[3] 28 U.S.C. § 2255(f)(4) provides that the one-year limitation period for filing a § 2255 motion shall run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). But "the state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4). . . ." *Stewart*, 646 F.3d at 858; *United States v. Hicks*, 2011 WL 7070532 at * 3 (N.D. Fla. Dec. 22, 2011).

he timely filed a second § 2255 motion based on that new fact. *Id.* at 857-58. *Stewart* held that the vacated conviction was a new fact and thus formed the basis for a new, "first" §2255 motion. *Id.* at 865. It was new because "the fact that the vacatur of the petitioner's state convictions occurred subsequent to the filing of his original § 2255 motion meant that he could not have brought the vacatur-based claim in any prior § 2255 motion." *Boyd v. United States*, 2011 WL 5512647 at * 3 (S.D. Ga. Sep. 28, 2011).[4]

Bazemore invokes *Stewart*. CR491-176, doc. 1321, *as amended,* docs. 1335 & 1369. He claims that he follows the same fact pattern seen in *Stewart*: He sought vacatur of prior state convictions and then sought § 2255 relief afterwards. *See Bazemore v. United States*, CV496-141, doc. 68 (S.D. Ga. Dec. 11, 2000) (he moved for § 2255 relief two months after

---

[4] *Stewart* implements *Johnson v. United States*, 544 U.S. 295 (2005). *Johnson* held that the state court vacatur of a predicate conviction is a new fact that triggers a fresh one-year statute of limitations under 28 U.S.C. § 2255(f)(4). *Stewart* held that when a second motion to vacate is filed on the basis of information that did not exist at the time the first motion to vacate was filed and denied, his second motion is not forbidden -- provided the petitioner has acted with due diligence. *Stewart*, 646 F.3d at 863–65; *Williams v. United States*, 2011 WL 4344449 at *4 (W.D.N.C. Sep. 15, 2011). While some say that neither the Eleventh Circuit nor the Supreme Court have held *Johnson* to be retroactive to cases on collateral attack, *Smith v. United States*, 2012 WL 2505309 at * 2 (M.D. Fla. Jun. 28, 2012), *Stewart* is reduced to a mere advisory opinion unless *Johnson* is retroactive, so it is fair to conclude that *Stewart* implicitly held that *Johnson* is retroactively applicable to collateral proceedings (the government conceded retroactivity in *Smith,* and does not argue otherwise here).

4

obtaining his vacatur ruling); *id.*, doc. 69 (government did not challenge timeliness but instead moved to dismiss on successiveness grounds; *id.* doc. 79 (this Court agreed); *see also* n. 2 *supra*. So under *Stewart*, he correctly contends, he has now filed a "first" § 2255 motion.

The government does not dispute that Bazemore's latest § 2255 motion is not untimely given the clock-restart by *Stewart*. *Stewart*, 646 F.3d at 864 n. 17; *Bass*, 2012 WL 2021971 at * 3. Nor does it argue that Bazemore failed to act diligently in pursuing vacatur, much less after he obtained it and after *Stewart* issued. It argues untimeliness based only on the fact that a decade passed between the vacatur (2000) and *Stewart's* issuance (2011). Doc. 1345 at 6-7.

*Stewart* applies here despite the long lapse of time. It expressly contemplates its application to all convicted defendants who can show that they diligently obtained vacatur of a *prior* conviction -- however long that may have taken to achieve. It would deny relief only to those who failed to timely pursue vacatur or timely act after that -- something not argued here. Doc. 1335 at 21-24; doc. 1359 at 2-4; doc. 1373 at 3, 5-6.

Citing only generic civil cases, the government next raises a "collateral estoppel" argument. Doc. 1345 at 5-6. "Collateral estoppel,

or, in modern usage, issue preclusion, means simply that when an *issue of ultimate fact* has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Delgado v. Fla. Dept. of Corr.*, 659 F.3d 1311, 1330 n. 17 (11th Cir. 2011) (quotes and cite omitted; emphasis added). Bazemore is litigating an issue of *law* -- whether *Stewart* should be applied in quest of his sentence reduction. Collateral estoppel does not apply here.

Finally, the government argues that Bazemore's claim is noncognizable, because he ultimately seeks to lower his criminal history score under the U.S. Sentencing Guidelines, and sentencing errors are generally not permissible in § 2255 proceedings. Doc. 1345 at 8 ("A claim that criminal history points were improperly assigned under the Sentencing Guidelines is not cognizable under 28 U.S.C. § 2255."). The government pins its argument on the limited grounds for relief obtainable under § 2255: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence *in excess of the statutory maximum*; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). That represents "a narrow range of injuries that could not have

been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992); *Hunter v. United States*, 449 F. App'x. 860 (11th Cir. 2011).

To that end, the government cites *Ayuso v. United States*, 361 F. App'x 988 (11th Cir. 2010) (§ 2255 movant's claim that the calculation of his criminal points under the guidelines was no longer correct because one of his state convictions was vacated after he was sentenced did not constitute a constitutional error and did not "implicate[ ] a fundamental defect in the validity of the district court proceedings" so as to rise to the level of a "miscarriage of justice."). *Ayuso* basically spoke to how serious an error must be to be reached under § 2255. Movants must raise

> [e]rrors that seriously undermine the validity of criminal proceedings so as to constitute a miscarriage of justice[, and such errors] include a prisoner's claim that he was convicted for an act that the law did not make criminal, *see Davis v. United States*, 417 U.S. 333, 346–47 (1974), and a prisoner's claim that his sentence was imposed outside of the prisoner's or counsel's presence, *see United States v. Behrens*, 375 U.S. 162, 164–66 (1963).

*Vallas v. United States*, 2012 WL 2681398 at * 5 (S.D. Ala. Jun. 7, 2012); *see also Wilcox v. United States*, 2011 WL 5975683 at * 2 (M.D. Fla. Nov. 29, 2011); *Green v. United States*, 2011 WL 1897189 at * 7 (S.D. Ga. May 18, 2011) ("Green's plain-vanilla sentencing dispute does not involve the

kind of fundamental defect in the validity of the sentencing court's proceedings that would rise to the level of a miscarriage of justice.").

The government concedes that whether a claim like Bazemore's is § 2255-cognizable remains an open issue, as noted by *Gilbert v. United States*, 640 F.3d 1293, 1306 (11th Cir. 2011) (en banc). Doc. 1345 at 8 n. 1. But it is not an open issue because *Gilbert* never mentioned, much less overruled, *United States v. Walker*, 198 F.3d 811 (11th Cir. 2000). *Walker* held that under § 2255 a district court could reopen and reduce a federal prisoner's sentence once he or she had, in state court, successfully attacked a predicate state court conviction that was previously relied upon to enhance his or her federal sentence. *Id*. at 813. To the chagrin of its concurrence, it thus joined other circuits that had held, "or indicated without expressly deciding, that pursuant to federal habeas corpus, a district court may reopen and reduce a federal sentence, once a federal defendant has, in state court, successfully attacked a prior state court conviction, previously used in enhancing the federal sentence." *Id*.[5]

---

[5] *See also United States v. Bacon*, 94 F.3d 158, 162 n. 3 (4th Cir. 1996) (stating that if the § 2255 movant "succeeds in a future collateral proceeding in overturning his robbery conviction, federal law enables him then to seek review of any federal sentence that was enhanced due to his state conviction."); *United States v. Cox*, 83 F.3d 336, 339 (10th Cir. 1996) (district court should have reopened defendant's sentence under § 2255, even though sentence was correct at time of sentencing and

*Walker* was distinguished in *Orr v. United States*, 2008 WL 2435941 (S.D. Ga. Jun. 16, 2008). There § 2255 movant Orr plied a claim similar to Bazemore's but lost despite *Walker*. This Court distinguished his case from *Walker*: "Although Orr's sentence was computed in part based on the vacated convictions (criminal history points were assessed for the offenses), the sentence imposed on [him] was not enhanced as a result of his state convictions. The applicable guidelines range was 130 to 162 months' imprisonment." *Id.* at * 3.

This Court thus denied Orr relief "because the maximum term of [his] imprisonment under the statute [upon which he was convicted] was 120 months' imprisonment [and he] was sentenced to ten years in prison, well below the applicable guidelines range." *Id.* Finally, his "sentence already [fell] within the guidelines range that would apply were this Court to resentence him using a recalculated criminal history category that did not include the six criminal history points assessed for the state convictions in question." *Id.*

---

sentence was affirmed on direct appeal, where subsequent events, including dismissal with prejudice of one prior state conviction and expungement of three prior state convictions, suggested that different sentence might now be appropriate due to possible change in defendant's criminal history category); *Telfair v. United States*, 2010 WL 5300850 at * 1-2 (S.D. Ga. Nov. 15, 2010).

Unlike *Orr*, Bazemore would *not* fall into the same guideline range even if resentenced without the vacated convictions. *See supra* n. 2. And *Walker*, though issued when the guidelines were still mandatory and thus arguably distinguishable on that basis alone, did not say either way whether relief should nevertheless be denied where, as here, the movant's existing sentence still falls within the *statutory* maximum. PSI at 10 ¶ 50-51.

That makes this a reasonably close legal question. But *Walker* is binding, while *Ayuso* is not. And while there have been other post-*Walker*, § 2255 cognizability cases like *Hunter v. United States*, 559 F.3d 1188, 1190-91 (11th Cir. 2009) (even though the prisoner likely was erroneously sentenced as an armed career criminal under the Sentencing Guidelines, his claim did not warrant a certification for appeal because a sentencing error, standing alone, generally is not cognizable under § 2255), *vacated and remanded on other grounds* 449 F. App'x. 860 (11th Cir. 2011)[6]; *accord Meirovitz v United States*, ___ F.3d ___, 2012 WL

---

[6]   In its later opinion the *Hunter* panel noted the government's *concession* that Hunter was entitled to have his § 2255 motion heard, so the panel granted that relief over the objections of *amici* briefs contending that (1) the appellate court lacked jurisdiction; and 2) the alleged sentencing error was not sufficiently egregious to constitute a due process violation, and thus meet the "constitutional" issue, cognizability requirement for a first § 2255 motion. 449 F. App'x. at 862.

3168243 at * 1-2 (8th Cir. Aug. 7, 2012); 40 GEO. L.J. ANN. REV. CRIM. PROC. 981 n. 2938 (collecting cases),[7] they are distinguishable, and Bazemore's case for the most part fits under *Walker*'s umbrella.

Even at that, *Walker*'s application here is not without question. Again, § 2255 authorizes relief *only* "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was *in excess of the maximum authorized by law*, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (emphasis added). Here it is undisputed that Bazemore did *not* receive a sentence in excess of the statutory maximum, though he did receive a higher

---

[7]   Note, too, that in *successiveness* cases (as opposed to a first § 2255 motion case like this), courts have held that mere intervening changes in sentencing law are not exceptional circumstances.   *Gilbert*, 640 F.3d at 1295 (petitioner who claims his career offender enhancement is invalid in light of subsequently decided authority may not raise the issue in a second § 2255 petition filed with the district court as such a petition is barred by § 2255(h)); *Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) ("We ... hold that a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice"); *Bryant v. United States*, 2012 WL 2236984 at * 1 (E.D.N.C. Jun. 15, 2012); *Gonzalez v. United States*, 2012 WL 279451 at * 6 (M.D. Fla. Jan. 31, 2012).   One could equate changes in law to changes in fact (a vacated conviction) to support ruling against Bazemore here. But litigants are charged with anticipating changes in the law, not changes in fact (vacated convictions are never a sure thing), so it may be said that a principled distinction separates the two doctrines.   And again, Bazemore has *not* brought a successive § 2255 motion here, but a "first" motion per *Stewart*.

sentencing guidelines calculation than he would have received absent the now-vacated convictions. *See supra* n. 2.   That would leave the "otherwise subject to collateral attack" clause, which *Walker* noted, 198 F.3d at 813 n. 5, but did not specifically address (indeed, it did not base its ruling on any particular § 2255 provision).

Furthermore, the sentencing guidelines since *Walker* have been held to be advisory only, *Dorsey v. United* States, ___ U.S. ___, 132 S.Ct. 2321, 2327 (2012), so the sentencing judge, upon re-sentencing here, would be free to impose the same sentence up to the statutory maximum (here, life).   And that very judge -- in a 2007 ruling -- obviously remembered Bazemore's crimes and former membership in one of Savannah, Georgia's most notorious criminal enterprises, the Ricky Jivens gang.[8]  He thus warned him that, even if he wins re-sentencing on

---

[8]   As the Eleventh Circuit explained:

> The locally notorious street-level crack gang routinely employed violence and was responsible for many homicides and aggravated assaults in Savannah. To insure loyalty and to prevent members from readily turning on their former confederates, Ricky Jivens insisted on all of the principals' "getting down," that is, killing someone before receiving any sizeable quantity of "fronted" cocaine. The Jivens organization was equally murderous in dealing with people who owed them money, stole from them or sought to, in Ricky Jivens' words, "switch out."

*United States v. Newton*, 44 F.3d 913, 917 (11th Cir. 1995).

his *Johnson* claim, "it is doubtful that he would receive anything less than the maximum sentence." CV496-141, doc. 107 at 3 n. 5.[9]

However short-lived it may be, then Bazemore's claim has crossed the initial § 2255 cognizability threshold and under it he is entitled to have his sentence vacated for re-sentencing. His § 2255 motion therefore should be **GRANTED.** CR491-176, doc. 1321, *as amended,* docs. 1335 & 1373, and the government's dismissal motion should be **DENIED.** Doc. 1345.

Bazemore has filed ancillary motions aimed at assisting the presentation that he makes in his § 2255 motion. Docs. 1325, 1333, 1334, 1335, 1358, 1369 & 1373. They are unopposed and, in some places, have assisted his § 2255 presentation. The Court therefore **GRANTS** them. But it **DENIES** his evidentiary hearing motion, doc. 1359, as he fails to show that he would adduce any evidence to reinforce the result reached here. It also **DENIES** his "Motion to Vacate" (doc. 1330) as moot. Bazemore also moves to terminate the fine that the sentencing judge imposed. Doc. 1370. That motion also is **DENIED** as moot. *See*

---

[9] Note that on September 9, 2008, the sentencing judge denied Bazemore's 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. CR491-176, doc. 1256.

doc. 1372 (the government concedes his fine-cancelation argument and is canceling collection of his fine).

**SO REPORTED and RECOMMENDED** this 15TH day of August, 2012.

_M. Smith_

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**