UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LEVON BAZEMORE,

Petitioner,

v.                         4:11-cv-259
                           4:11-cr-176

UNITED STATES OF AMERICA,

Respondent.

### ORDER

Before the Court is Levon Bazemore's ("Bazemore") Motion to Dismiss Government's Notice of Appeal Due to Expressed Waiver Provision Via Untimely Filed Objections to Magistrate Judge's Report and Recommendation ("R&R"). ECF No. 29. Bazemore asserts that by untimely objecting to the R&R "the Government has forthrightly waived its right to appeal." *Id.* at 1. The Court disagrees and accordingly **DENIES** this motion.

The Magistrate Judge entered his R&R on August 15, 2012. ECF No. 17. The parties had until August 29 to object. *Id.* The government filed its objection one day late. ECF No. 20. After considering the R&R and the objection, this Court adopted the R&R on September 11, 2012. ECF No. 23. The government then timely filed its notice of appeal on November 9, 2012. Bazemore now attempts to use the government's late objection as a vehicle to block their appeal.

Bazemore's attempt fails for two reasons. First, this court has no jurisdiction to dismiss the government's notice of appeal. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("[T]he filing of a notice of appeal is an even of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Second, failure to object to an R&R does not waive appellate review.[1] "The absence of objections to the magistrate's report and recommendation limits the scope of appellate review of factual findings to plain error or manifest injustice but does not limit review of legal conclusions." *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982); *see also Sweet v. McNeil*, 345 Fed. App'x 480, 482 (11th Cir. 2009) (noting that a habeas petitioner's failure to object to a magistrate's findings with respect to a double jeopardy ineffective assistance of counsel claim "would preclude challenging only the factual findings, not the legal conclusions.").

The government has appealed only legal conclusions here. *See* ECF Nos. 31 at 3; 17. So regardless of whether they objected to the R&R or not, the government never waived appellate review of those conclusions. Bazemore's motion is **DENIED**

This 36 day of January, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] As the government correctly notes in its response brief, the Court did in fact consider the untimely objection. Nevertheless, had the Court rejected the objections, or if the government failed to object entirely, appellate review of the government's arguments on appeal would still be proper for the reasons *infra*.