UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LEVON BAZEMORE,

Plaintiff,

v.           4:11-cv-259
             4:91-cr-176

UNITED STATES OF AMERICA,

Defendant.

### ORDER

### I.   INTRODUCTION

Before the Court is the Government's Motion to Reconsider the Court's order granting Levon Bazemore's 28 U.S.C. § 2255 motion, ECF No. 35,[1] and Bazemore's Motion to Strike Government's Motion to Reconsider. ECF No. 37. The Government asserts the Court made a clear error of law when it granted Bazemore's habeas petition on grounds that the opinion in *Stewart v. United States*, 646 F.3d 856 (11th Cir. 2011), restarted the one year statute of limitations on § 2255 claims for prisoners who succeed in having predicate convictions vacated after sentencing. *Id.* at 2-3. After much deliberation, the Court agrees and **GRANTS** the Government's motion over Bazemore's objections. Bazemore's motion to strike is ***DISMISSED AS MOOT***.

### II.   BACKGROUND

Bazemore's journey down the long and winding habeas road began shortly after his conviction became final. *See Bazemore v. United States*, No. 4:96-cv-141, ECF No. 1 (S.D. Ga. June 20, 1996). About four years later, Bazemore succeeded in having vacated two state convictions used to enhance his federal sentence. *See* ECF No. 35 at 1. Two months after the vacatur Bazemore moved pursuant to § 2255 and Federal Rule of Civil Procedure 60(b) for a sentence reduction arguing he no longer qualified as a career criminal. *Id.* at ECF No. 68. This Court denied that petition as an uncertified second or successive habeas petition. *Id.* at ECF No. 72.

Bazemore filed the 2255 petition at issue here, his numerically third petition, on October 11, 2011, almost twenty years after conviction for various offenses related to his involvement in the notorious Ricky Jivens gang, ECF No. 1, and over a decade after he first moved for relief based on the vacatur of state convictions. *Bazemore*, No. 4:96-cv-141, ECF No. 68. In this petition, Bazemore asserted for the second time a right to resentencing based on the vacatur. *Id.* The Government disputed the timeliness of Bazemore's petition since he filed it more than one year after the vacatur. *See* ECF No. 7.

This Court ultimately rejected the government's argument, concluding instead that a new one year limitation clock ran from the date of the *Stewart* decision, thus rendering Bazemore's petition timely. *See* ECF Nos. 17; 23 (adopting Magistrate Judge's Report and Recommendation). The Government appealed, but the Eleventh Circuit dismissed the case for lack of jurisdiction because the grant of Bazemore's 2255 petition "[is] not final and appealable"

---

[1] All docket citations in the format "ECF No. ___" are to Bazemore's civil case, No. 4:11-cv-259.

until Bazemore is resentenced. ECF No. 34 at 2. A date for resentencing has not yet been set.

### III. ANALYSIS

As a threshold concern, the Court must consider whether it has the authority to reconsider its previous grant of Bazemore's habeas petition. The answer is yes. Grants of 2255 petitions do not become final, appealable orders until after resentencing. *See United States v. Futch*, 518 F.3d 887, 894 (11th Cir. 2008). Since the order granting Bazemore's petition is interlocutory, this Court "has plenary power over it." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000);[2] *see also* Fed. R. Civ. P. 54(b) (stating that any non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims."). Reconsideration of non-final orders like Bazemore's, moreover, is "not subject to the limitations of [Federal] Rule [of Civil Procedure] 59" because such orders are not judgments as defined by Rule 54(a). *Toole*, 235 F.3d at 1315; Fed. R. Civ. P. 54(a) (defining judgment as an order from which an appeal lies).

Having established that reconsideration is possible, the Court must now examine whether reconsideration is in fact appropriate in this case. It is. A brief summation of *Stewart* and the Supreme Court's decision in *Johnson v. United States*, 544 U.S. 295 (2005), is necessary to explain why.

"*Johnson* established that the basis for a [habeas] claim challenging a sentence predicated on faulty state convictions arises when the order vacating those predicate convictions issues." *Stewart*, 646 F.3d at 856. From that, the Supreme Court further held that prisoners have a fresh one year statute of limitations to file *Johnson* claims that runs from the date the state convictions are vacated, assuming the prisoner exercises due diligence in having the convictions vacated.[3] *Id.*

*Stewart*, on the other hand, answered the related but separate question of whether a numerically second habeas petition raising a *Johnson* claim is second or successive for purposes of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 858. The Eleventh Circuit held that when diligently pursued vacatur of a state conviction occurs after a prisoner's initial habeas proceedings have concluded, a numerically second habeas petition premised on the vacatur is not subject to AEDPA's second or successive restrictions. *Id.* at 865.

What *Stewart* did not address is any question of the timeliness of a numerically second petition raising a *Johnson* claim. *Stewart*'s sole doctrinal contribution involved successiveness issues. *Stewart* did not hold that its decision restarted the one year limitations clock. In fact, *Stewart* had no occasion to address the timeliness of the petition before the Court because *Stewart*

---

[2] The Government cites *Bon Air Hotel, Inc. v. Time, Inc.*, 426 F.2d 858 (5th Cir. 1970), for this same proposition. While *Bon Air* certainly remains good law on this point, it has been abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).

[3] The diligence of a prisoner seeking vacation is measured beginning from the time the state convictions are used to enhance his federal sentence. *See Johnson*, 544 U.S. at 309.

2

filed the numerically second petition whose denial he appealed barely a month after the vacatur of his state convictions. *Id.* at 858.

Bazemore likewise filed a numerically second habeas petition shortly after the state court vacated his convictions. But, at the time of that second petition, Bazemore suffered under the *ancien regime* where *Johnson* claims did not exist and numerically second petitions raising *Johnson* claims failed as impermissibly successive. He had no *Stewart* to save him.

The coming of *Stewart*, however, cannot save Bazemore's current habeas petition. As noted above, *Stewart* simply held that a numerically second petition raising a *Johnson* claim is not legally successive. *Id.* at 865. It did not speak to the timeliness of petitions under AEDPA's statute of limitations, or whether the rule it announced applied retroactively to situations like Bazemore's, where prisoners timely raise otherwise valid *Johnson* claims yet have their petitions denied as impermissibly successive. To the extent that this Court predicated its decision to grant Bazemore's petition on the *Stewart* opinion itself resetting the one year limitations clock, that decision is clearly erroneous and disavowed by the Court.

Bazemore also argues that the *Stewart* decision justifies equitable tolling of the one year statute of limitations. *See* ECF No. 36 at 13. But it does not. Equitable tolling only applies if the petitioner "(1) has been pursuing his rights diligently, and (2) . . . some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotations omitted). *Stewart*'s change in law governing successive §2255 motions simply is not an "extraordinary circumstance" warranting equitable tolling. *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (noting that "not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases."); *Outler v. United States*, 485 F.3d 1273, 1281 (11th Cir. 2007) (holding that change of law worked by *Castro v. United States*, 540 U.S. 375 (2003), subsequent to petitioner's habeas denial did not warrant equitable tolling).

Bazemore, like the petitioner in *Outler*, tries to argue that a "change of law demonstrates that long-closed previous litigation was decided against him incorrectly." *Outler*, 485 F.3d at 1281. Even if, under *Stewart* and *Johnson*, this Court wrongly decided Bazemore's numerically second habeas petition challenging his sentence based on the vacatur of his state convictions, there is no reason why the Court should consider the change in law worked by those two cases to "be any more extraordinary" than that rejected for equitable tolling purposes in *Outler*. *Id.* at 1282. Equitable tolling is inappropriate here and the Court declines to apply that "extraordinary remedy." *Id.* at 1280.

IV. CONCLUSION

The Court made a clear error of law in its previous order granting Bazemore's § 2255 petition, ECF No. 23, when it held that the *Stewart* opinion served to restart the one

3

year AEDPA statute of limitations. Furthermore, equitable tolling of that limitations period is inappropriate. The Court accordingly ***GRANTS*** the Government's motion for reconsideration, ECF No. 35, and ***DISMISSES AS MOOT*** Bazemore's motion to strike. ECF No. 37. Bazemore's § 2255 petition is ***DENIED***.

This 23rd day of May 2013.

*signature*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA